IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERMA JEAN MANUEL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-04-2930 |
| § | |
| CENTERPOINT ENERGY, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

On January 10, 2005, the parties consented to proceed before a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all further proceedings, including trial and entry of final judgment. (Docket Entry #11). In this action, Erma Jean Manuel ("Plaintiff", "Manuel") complains that her employer, CenterPoint Energy ("Defendant", "CenterPoint") discharged her because of her race, gender, age and disability. For that reason, she has filed suit against the company for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et. seq.* and 42 U.S.C. § 1981a ("§ 1981"), the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.* ("ADEA"), and the Americans with Disabilities Act, as amended, 42 U.S.C. § 1202 *et seq*. ("ADA"). (Plaintiff's Original Complaint ["Complaint"] at 5.1-5.5, Docket Entry #1). Plaintiff contends that, because of this unlawful treatment, she has suffered severe emotional distress. (Complaint at 5.6-5.9). On August 15, 2005, Defendant filed a motion for summary judgment arguing that, from the uncontroverted facts, Plaintiff has shown no evidence of discrimination. It asks the court to enter judgment in its favor on each of these claims. (Defendant's Motion for

1

Summary Judgment ["Defendant's Motion"], Docket Entry #25).  Plaintiff has not responded in opposition to this request.  After a review of the motion, the evidence submitted, and the applicable law, it is ORDERED that Defendant's motion for summary judgment is GRANTED.

**Background**

In this lawsuit, Manuel claims that her employer, CenterPoint, discriminated against her on the basis of her gender, her age, her race and a purported disability.  Plaintiff, an African-American, began working for CenterPoint as an Operations Helper in 1981.  (Complaint at ¶ 4.1.2; Def's. Mo. at p. 2).  During her employment, Manuel held a number of different positions with the company and, at the time of her termination, was an Operations and Measurement Operator.  (Def's. Mo. at p. 2,  Ex. B at ¶ 3, Ex. C at pp. 21-25).  Each of these positions required Manuel to read, install, repair, and replace natural gas meters.  (*Id.*, Ex. B at ¶ 3, Ex. C at 21,77).  After working at CenterPoint for approximately twenty years, Manuel injured her back while at a company luncheon on April 27, 2001.  (*Id.* at p. 3, Ex. B at ¶ 4, Attach. 1).  Manuel missed almost one month of work because of this injury, but returned to her job, briefly, on May 22, 2001.  When she returned, Manuel was assigned only light duty office tasks.  (*Id.*, Ex. B at ¶ 4, Attach. 2, Ex. C at pp. 53-57).  Reportedly, Manuel's condition did not improve, and so in June 2001, she took an extended leave of absence.  (*Id.,* Ex. B at ¶ 4, Attach. 3).  The company claims that, after Manuel had used all of her allotted sick leave, she became eligible to receive long-term disability benefits.  (*Id.*, Ex. B at ¶ 5, Attach. 4,5).  The record is undisputed that Manuel never returned to full-time employment following her injury.  In October 2001, she was replaced by another employee, while she was still on disability leave.  (*Id*. at 3-4, Ex. B. at ¶ 5, Attach. 5-7). Two years later, in April 2003, Manuel's benefits were terminated because the insurance carrier deemed her proof of disability to be

insufficient. (*Id.* at p. 5, Ex. B at ¶ 6, Attach. 8). She was then formally discharged on April 24, 2003. (*Id.* at p. 6, Ex. B at ¶ 8, Ex. C at p 117). In doing so, CenterPoint reasoned that, as she was no longer disabled, and yet had not returned to work, she should no longer be carried on the company roster. (*Id.*). Manuel does not really challenge this, and states that company representatives explained that her extended absence required it to choose a replacement, and that she must apply for a different position if she chose to rejoin CenterPoint. (*Id.* at p. 6, Ex. C at pp. 114-121, 146; Complaint at ¶ 4.1.5).

Manuel then filed a complaint with the EEOC, alleging that CenterPoint was in violation of Title VII and § 1981 because race and gender were motivating factors in her termination. (Complaint at ¶ 5.1, 5.2). She also complained that she was discriminated against because of her age, a violation of the ADEA, and that she was treated less favorably than non-disabled workers, in violation of the ADA. (*Id.* at ¶ 5.3, 5.4). On May 13, 2004, Manuel was issued a Right to Sue letter from the EEOC, and she filed this lawsuit on July 20, 2004. (Complaint at ¶ 1.3).

In response to these allegations, CenterPoint has moved for summary judgment, arguing that Plaintiff has not made a prima facie case on any of her claims. (Def's. Mo. at p. 9). CenterPoint insists that not only was Manuel replaced by another African-American woman of a similar age, but that she was discharged for legitimate, non-discriminatory business reasons. (*Id.* at p. 10). CenterPoint is adamant that none of those reasons was a pretext for discrimination, and that Manuel has shown no proof of a discriminatory motive. (*Id.* at p. 12). After a review of the pleadings, the undisputed evidence, and the relevant law, it is ORDERED that Defendant's motion for summary judgment is GRANTED.

**Standard of Review**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Under Rule 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the non-movant's case. *Edwards v. Your Credit, Inc.,* 148 F.3d 427, 431 (5th Cir. 1998)*; Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the non-movant's response. *Littlefield v. Forney Indep. Sch. Dist.,* 268 F.3d 275, 282 (5th Cir. 2001); *Little,* 37 F.3d at 1075. When the moving party has met its Rule 56 burden, the non-movant cannot survive a motion for summary judgment by resting merely on the allegations in it pleadings. *Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Compania Mexicana de Aviacion, S.A. de C.V.,* 199 F.3d 796, 798 (5th Cir. 2000); *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995). But, in deciding a summary judgment motion, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [his] favor." *Id.* at 248. As a result, even when the non-moving party does not file a response to a summary judgment motion, the moving party must still establish the absence of a genuine issue of material fact before it can prevail on a summary judgment motion. *Resolution Trust Corp. v. Starkey,* 41 F.3d 1018, 1022-1023 (5th Cir. 1995). However, "Rule 56 mandates the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322; *Stahl v. Novartis Pharmaceuticals Corp.,* 283 F.3d 254, 263 (5th Cir. 2002); *Little,* 37 F.3d at 1075.

**Discussion**

*Title VII, § 1981, and ADEA claims*

Manuel claims that CenterPoint discriminated against her, in violation of Title VII, § 1981 and the ADEA because she is an African-American female over the age of forty. Under Title VII, it is unlawful for an employer to "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory . . . to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). The ADEA, in turn, forbids "an employer ... to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Discrimination claims under Title VII are governed by the same standards which apply to claims under § 1981 and the ADEA. *Roberson v. Alltel Info. Servs.,* 373 F.3d 647, 651 (5th Cir. 2004) (citing *Shackelford v. Deloitte & Touche, LLP,* 190 F.3d 398, 403 n.2 (5th Cir. 1999); *O'Connor v. Consol. Coin Caterers Corp.,* 517 U.S. 308, 311 (1996)). Because, here, the same facts are determinative on each cause of action, Manuel's statutory claims will be discussed together. *See Roberson*, 373 F.3d at 651; *see also Bauer v. Albemarle Corp.,* 169 F.3d 962, 967 (5th Cir. 1999).

It is well settled that, "[t]o survive a motion for summary judgment," a plaintiff claiming disparate treatment "must first establish a prima facie case of discrimination by a preponderance of the evidence." *Pratt v. City of Houston*, 247 F.3d 601, 606 (5th Cir. 2001) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973)); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993). "A prima facie case is established once the plaintiff has proved that she (1) is a member of a protected class; (2) was qualified for her position; (3) was subjected to an adverse employment action; and (4) was replaced by someone outside the protected class." *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999). A failure of proof on any element of the prima facie case "requires summary judgment against the entirety of the claim." *Munoz v. Orr*, 200 F.3d 291, 307 (5th Cir. 2000). On the other hand, if a claimant can make a prima facie case, then "an inference of unlawful discrimination" has been raised. *Blow v. City of San Antonio*, 236 F.3d 293, 296-97 (5th Cir. 2001).

The Fifth Circuit has held, repeatedly, that if the plaintiff has submitted direct evidence that discrimination "was among the motives which prompted the adverse action, the 'burden of proof shifts to the employer to establish by a preponderance of evidence that the same decision would have been made regardless of the forbidden factor.'" *Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 415 (5th Cir. 2003) (quoting *Moore v. U.S. Dep't of Agric.*, 55 F.3d 991, 995 (5th Cir. 1995)); *Brown v. E. Miss. Elec. Power Ass'n*, 989 F.2d 858, 861 (5th Cir. 1993). However, if it is circumstantial evidence only that supports the plaintiff's claim, then the burden of production, but not the burden of proof, shifts to the defendant, under the rubric established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973); *Price v. Fed. Express. Corp.*, 283 F.3d 715, 720 (5th Cir. 2002); *Munoz*, 200 F.3d at 299; *Brown v. SCS Logic, Inc.*, 82 F.3d 651, 654

(5th Cir. 1996). If that burden-shifting occurs, the defendant must then "articulate a legitimate, nondiscriminatory reason" for the challenged employment action. *Munoz*, 200 F.3d at 299 (citing *McDonnell Douglas*, 411 U.S. at 802). The Supreme Court has held that a defendant may meet this burden by presenting evidence that, "*if believed by the trier of fact*, would support a finding that unlawful discrimination was not the cause of the employment action." *St. Mary's Honor Ctr.*, 509 U.S. at 507 (emphasis in original); *and see Price*, 283 F.3d at 720. The burden of persuasion, however, "remains at all times with the plaintiff." *Hicks*, 509 U.S. at 507; *Tex. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *Munoz*, 200 F.3d at 299. If the defendant does raise evidence which points to a legitimate business reason for its action, then "the plaintiff must substantiate his claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision." *Price*, 283 F.3d at 720. Further, the Fifth Circuit has held, consistently, that this evidence "must be enough to support a reasonable inference that the proffered reason is false; a mere shadow of doubt is insufficient." *Auguster v. Vermilion Parish Sch. Bd.*, 249 F.3d 400, 403 (5th Cir. 2001); *Bauer v. Albemarle Corp.*, 169 F.3d 962, 967 (5th Cir. 1999); *E.E.O.C. v. La. Office of Cmty. Servs.*, 47 F.3d 1438, 1443-44 (5th Cir. 1995).

It is also well-established that, in weighing a Title VII claim, "an employee's 'subjective belief of discrimination' alone is not sufficient to warrant judicial relief." *Auguster*, 249 F.3d at 403; *Bauer*, 169 F.3d at 967 (both quoting *La. Office of Cmty. Servs.*, 47 F.3d at 1448). Instead, to defeat a competent motion for summary judgment, the claimant must submit evidence that is sufficient to allow a rational fact finder to conclude that the employer's action was based on discrimination. *Price*, 283 F.3d at 720 (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000)).

While a plaintiff may produce additional evidence to make that showing, the Supreme Court has explained that "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves*, 530 U.S. at 148; *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 223 (5th Cir. 2000).

In the motion before this court, CenterPoint does not dispute that Manuel was a member of a protected class, or that she was qualified for her position. It does, however, contest whether Plaintiff was replaced by someone outside her protected class. In her complaint to the EEOC, Manuel alleged that she had been replaced by a younger Hispanic male. (Complaint at ¶ 4.1.5; Def's. Mo. at Ex. H). Later, however, at her deposition, she conceded that she had erred, and, in fact, that she had been replaced by "Addy," an African-American female older than she. (Def's. Mo. at Ex. B, Attach. 7, Ex. C, p. 93). It is now uncontroverted that Manuel, who was forty-four years old at the time of her discharge, was replaced by another African-American female who was fifty-three years old at that time. (Def's. Mo. at Ex. B, Attach.7, Ex. E). On this record, then, Manuel cannot show that she was replaced by someone outside the protected class, and so she has not established a prima facie case of discrimination based on race, age, or gender.

In an abundance of caution, however, the court will assume that Manuel has established a prima facie case of discrimination, and address Defendant's alternative argument; that is, that Plaintiff has not proffered evidence to rebut its stated reason for her termination. Clearly, once a prima facie case has been made, the burden shifts to CenterPoint to "articulate a legitimate, nondiscriminatory reason" for its decision to terminate Manuel. *See McDonnell Douglas*, 411 U.S. at 802-05; *Price*, 283 F.3d at 720; *Blow*, 236 F. 3d at 296-97; *Munoz*, 200 F.3d at 299; *Brown*, 82

F.3d at 654. And, it has long been the law that, so long as an employer's basis for a discharge is "reasonable, not arbitrary, and not a likely pretext for unlawful discrimination" it is legitimate and non-discriminatory as a matter of law. *See Bauer*, 169 F.3d at 967. Here, there is no dispute that Manuel was injured on April 27, 2001, and was terminated approximately two years later, when her disability status was denied and she failed to return to work. (Def's. Mo. at Ex. C, p. 47, Complaint at ¶ 4.1.5). The facts are also undisputed that CenterPoint waited more than six months after she was injured to replace Manuel, and that it did so because her ability to return to work was in doubt. Further, Manuel has not contested the assertion that she never contacted CenterPoint about a return to work, never provided a doctor's release authorizing her to return to work, and never applied for alternative positions after her disability benefits ended and before she was terminated. (Def's. Mo. at Ex. C, pp. 93, 98-99, 117, 138, 143). On this record, then, there is no evidence to rebut, or even raise a fact issue on CenterPoint's stated reason for her termination. As it is undisputed that Manuel was replaced by a person of the same race, age, and gender, she has not raised a genuine issue of material fact on whether discrimination was the reason for her discharge.

Because no issues remain for trial, it is ORDERED that Defendant's motion for summary judgment on Plaintiff's claims under Title VII, § 1981, and the ADEA is GRANTED.

### *ADA Claim*

Manuel also claims that CenterPoint discriminated against her because she is, or was perceived to be, disabled following her back injury. (Complaint at ¶ 4.1.1). Under the ADA, "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and

9

privileges of employment." 42 U.S.C. § 12112. To prevail on an ADA claim, Manuel must make some showing that: "(1) [s]he was disabled; (2) [s]he was none-the-less qualified to do the job; (3) an adverse employment action was taken against [her]; and (4) that [s]he was replaced by or treated less favorably than non-disabled employees." *Aldrup v. Caldera* 274 F.3d 282, 286 (5th Cir. 2001).

To survive Defendant's motion for summary judgment, however, Manuel must make the threshold showing that she is, in fact, disabled under the ADA. Under the prevailing law, there are three ways in which she can make this showing. A claimant is considered disabled if she can demonstrate that: "(1) [s]he has a physical or mental impairment that substantially limits one or more of [her] major life activities; (2) [s]he has a record of such impairment; or (3) [s]he is regarded as having such an impairment." *Id.* In her Complaint, Manuel makes only the conclusory claim that, after her injury, she was replaced by someone who had no disability. (Complaint at ¶ 4.1.5). She claims, therefore, that she was treated less favorably than a non-disabled worker. (*Id.* at ¶ 5.4). On this cause of action, CenterPoint challenges whether this bare assertion suffices for the required showing that Plaintiff is disabled under any of the three alternatives recognized under the ADA.

Under the first criterion, Manuel can be deemed disabled by showing evidence of a physical impairment that substantially limits one or more life activities. *Id.* In that regard, the Supreme Court has made clear that major life activities are those which are "of central importance to daily life," and include such things as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, learning, and working. *Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 197 (2002); *Aldrup v. Caldera,* 274 F.3d 282, 286 (5th Cir. 2001) (citing 29 C.F.R. § 1630.2(I) (1998)). A substantial limitation on such activities is one which is "considerable" or "to a large degree."

*Williams,* 534 U.S. at 197.  In other words, "[a]n impairment is substantially limiting only if it 'significantly restricts [the individual's] ... ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities.'"  *Aldrup*, 274 F.3d 282, 286-287 (quoting 29 C.F.R. § 1630(j)(3)(I)).

Here, Manuel has shown no evidence that she is disabled within the meaning of the ADA. In fact, she testified that she has no physical or mental impairment that substantially limits her activities. (Def's. Mo. at Ex. C, p. 113, 141).  In her deposition, Plaintiff testified that "my impression was I could — I could go back to work, you know, regular duty." (*Id*. at p.141). She further testified that she never supplied CenterPoint with a doctor's release that identified any work restrictions following treatment for her back injury. (*Id*. at p.138, 143). In addition, Manuel conceded that she had applied for different positions with CenterPoint, and with other employers, and never cited any particular physical restrictions. (*Id*. at p. 117-120, Ex. C, p. 198-99). The fact that Manuel applied for these jobs is an indication that she perceived herself able to perform a broad range of physical activities. On this record, Manuel has failed to raise a fact issue on whether she has an impairment that substantially limits a major life activity.

The second way in which Manuel may show that she is disabled is to establish a record of impairment. *Aldrup*, 274 F.3d at 286. An alleged disability which stems from a record of impairment requires a showing that the claimant has: (1) "a record or history of impairment; and (2) the impairment limits a major life activity." *Blanks v. Sw. Bell Commc'ns, Inc.*, 310 F.3d 398, 401 (5th Cir. 2002) (citing *Dupre v. Charter Behavioral Health Sys. of Lafayette, Inc.,* 242 F.3d 610, 615 (5th Cir. 2001). However, even a documented record of impairment is unavailing if the claimant cannot further show that the impairment is substantially limiting. *Id.; see also Sherrod v. Am. Airlines, Inc.,* 132 F.3d 1112, 1121 (5th Cir. 1998). Here, CenterPoint does not dispute that Manuel was injured,

and as a consequence, was limited in her activities, for a time, following her accident. By her own admission, however, Manuel considered herself to be fully recovered and capable of performing her previous job or one similar to it. Manuel testified that, following back surgery, she was sufficiently recovered to return to work, and she felt that she could perform the same duties that she had before the injury. (Def's. Mo., Ex. C pp. 113, 141). Clearly, in this instance, Manuel's injury, surgery and extended leave, are not sufficient to establish a record of impairment, as a matter of law. *See Sherrod*, 132 F.3d at 1120-21; *Dupree*, 242 F.3d at 615.

Finally, Manuel has not shown that she was perceived to be disabled by CenterPoint. *See Aldrup*, 274 F.3d at 286. The law is clear that an employee may be "regarded as" disabled if she "has an impairment which is not substantially limiting but which the employer perceives as constituting a substantially limiting impairment." *Blanks,* 310 F.3d at 402 (citing *Bridges v. Bossier,* 92 F.3d 329, 332 (5th Cir.1996)). If the claimant is excluded from a broad range of jobs, she is "regarded as" disabled under the ADA. *Id.* On the other hand, if the employee is merely barred from a narrow range of duties, then she is not "regarded as" disabled under the ADA. *Id.*

Here, again, Manuel has shown no evidence that CenterPoint regarded her as having an impairment. In fact, the only evidence on this matter is CenterPoint's directive that Plaintiff apply for other positions with the company. (Def's. Mo. at Ex. C, pp. 114-21, 146). But that instruction was generated by the fact that Plaintiff's position had been filled, and not because of any perceived disability on Manuel's part. And, while Manuel stated in her EEOC complaint that she was told that no "light duty work" was available, she later admitted in her deposition that she had actually worked such light duty. She further testified that she had never given CenterPoint a doctor's release, which would have been proof of her ability to return to her old job. (Def's. Mo. at Ex. C, pp. 56-57; Ex. H).

Because Manuel has failed to raise a fact issue on whether she was considered "disabled" under the ADA, she cannot defeat Defendant's motion for summary judgment and it is GRANTED.

**Conclusion**

Based on the foregoing, it is ORDERED that the motion by Defendants, for summary judgment on Plaintiff's claims, is GRANTED.

The Clerk of the Court shall enter this order and provide a true copy to all counsel of record.

SIGNED at Houston, Texas, this 28th day of November, 2005.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**